HENRY BAHE

*v.*

EDWARD T. JONES.

*Filed at Ottawa January 21, 1890.*

1. CONTESTED ELECTION — *decree upon admission of a party.* The answer of a defendant in a proceeding to contest his election, admitting the election of the petitioner, where no other rights are involved, may justify the court in finding that the petitioner was elected; but if there were other candidates for the same office, whose rights may be affected by the decree, it will devolve upon the *petitioner* to show his election by competent evidence, and the admission of the defendant will not be sufficient to authorize a decree declaring him elected.

2. SAME—*further time—should be asked for, if desired.* If a party contesting an election, after being declared in default for a failure to answer an intervening petition, is not ready to proceed with the hearing after the dismissal of the intervening petition, he should ask for further time to prepare for the hearing. If he fails to do so, he can not complain that no opportunity was given him to be heard.

3. SETTING ASIDE DECREE—*during the term.* If a decree is entered without sufficient evidence to support it, or if it is obtained by fraud and collusion, the court has the undoubted power to set it aside during the same term, and it will be its duty to do so.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

On the 13th day of May, 1889, Henry Bahe, the appellant, filed a petition in the county court of Cook county, against John Ralston, to contest his election to the office of constable in the town of West Chicago, which election was held on the 2d day of April, 1889. It is alleged in the petition that the petitioner was a candidate at the election for town constable, and received 27,294 votes, and was duly elected; that John Ralston was a candidate, and that Ralston was declared elected by the canvassing board on April 13, 1889. The petition contained the following allegation: "Your petitioner further represents, that he received more votes at such election for said office of constable, but that the same were not counted for him, your petitioner, but were neglected or overlooked by said canvassing board, or were counted as the votes of the said John Ralston. Therefore, your petitioner prays that an order may be entered herein setting aside the declaration of said canvassing board, and further ordering that the certificate of election for said office of constable in said town of West Chicago may be issued to your petitioner."

On the 21st day of May, John Ralston appeared, by attorney, waived service of process, entered his appearance, and filed an answer, in which he admitted all the allegations in the petition. On the same day the court entered a decree that Henry Bahe was elected constable in the town of West Chicago

for the term of four years, from May 6, 1889, and the county clerk was ordered to issue a certificate of election to him.

On the next day after the decree was entered, Edward T. Jones, the appellee, filed in the cause an intervening petition, which sets out, *inter alia,* that the above decree in favor of Bahe was entered; that the petitioner was elected; that he received more votes than one Vogel and one McMahon, and more votes than said Bahe and Ralston, or either of them, yet was not declared elected, while Vogle and McMahon were. He also embodied a statement from the return of the election commissioners, which shows the names of some ninety-three persons, with numerals set opposite each name, purporting to be the votes cast for each. In this list it appears that Ralston received more votes than Jones, and Jones more votes than Bahe. The petitioner asks to be allowed to intervene, and for a decree vacating the return of the election commissioners declaring Ralston elected, and for a finding that petitioner was elected. Bahe demurred to this petition, but the court overruled the demurrer, and ordered Bahe to answer instanter. Upon Bahe failing to answer, an order declaring him in default was entered, and the amended petition of Jones was taken as confessed. The court then rendered a final decree, finding that the statements in Bahe's petition, filed May 13, 1889, are false, and were known to Bahe to be false when made; that the decree of May 21 was obtained through fraud and collusion; that Bahe was, in fact, not elected; sets aside the decree, dismisses Bahe's petition, and also dismisses Jones' petition, and orders Bahe to surrender his certificate of election.

Messrs. DOOLITTLE, MCKEY & TOLMAN, for the appellant.

Per CURIAM: The decree rendered in favor of appellant was vacated at the same term of court at which it was rendered, and if it was entered without sufficient evidence to support it, or if it was obtained by fraud and collusion, the court had the

undoubted power to set it aside during the term, and it was. the duty of the court to do·so.

. The real question presented by the record, then, is, whether the evidence before the court was sufficient to establish the fact that appellant was elected constable, as he had alleged. It is true that Ralston admitted that appellant was elected, but that admission, in the absence of evidence, did not establish the fact. Had the contest been solely between appellant. and Ralston, and no other rights involved, the admission might have been conclusive; but such was not the case. Others were interested, and before appellant was entitled to a decree in his. favor it devolved upon him to show, by competent evidence,. that he was duly elected to the office which he claimed, and unless that fact appears, appellant has no real ground of complaint. We have examined the record carefully, and we fail to find evidence therein showing that appellant was elected.

Complaint is made that the court proceeded, immediately after declaring appellant in default, to hear the Jones petition,. and after dismissing Jones' petition, set aside the decree in favor of appellant, and dismissed his petition without giving him an opportunity to be heard. The record fails to show that appellant desired time to prepare for a hearing, or that he asked for an extension of time. If the appellant was not ready to proceed with the hearing on his petition after the court had dismissed Jones' petition, it was his duty to ask for time, and if he·failed to do so, it is too late now to complain.

We find no error in the record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*